# Gast *versus* Baer.

1. A devise, in 1867, "to M. and the heirs of her body during her life, and in case she should leave issue then at her death to go to such issue, and should M. die without leaving any issue then I give, &c., said house, &c., to the daughter of W.," is an estate tail in M., which became a fee by the Act of April 27th 1855 (Estates Tail).

2. "Issue" is an apt word of limitation.

May 4th 1869. Before Thompson, C. J., Read, Agnew and Sharswood, JJ. Williams, J., absent.

Error to the Court of Common Pleas of *Lancaster county:* No. 54, to May Term 1869.

[Gast *v.* Baer.]

This was an amicable action and case stated, in which Margie Baer was plaintiff and Conrad Gast defendant; it was entered September 18th 1868.

The facts as agreed to in the case are as follows:—

Dorothy Wind died in August 1867, seised of a house and lot in Lancaster city, having by her will dated January 17th 1867, devised as follows :—

"I do give, devise, and bequeath to my granddaughter Margaret Baer, and the heirs of her body, my house and half lot of ground, &c.," "during her life, and in case she should leave issue, then at her death to go to such issue ; and should my said granddaughter die without leaving any issue, then I give and bequeath the said house and half lot of ground, to the daughter of my son, J. P. Wind."

On the 25th of June 1868, Margie Baer, the devisee and plaintiff, sold the house and lot devised to her, to the defendant at public sale for $2205, one-third of the purchase-money to be paid on the 1st of July then next, the remainder to be secured by mortgage on the premises and paid in a year from that time, a deed to be made to the defendant on his complying with the conditions of sale.   On the 1st of July the plaintiff tendered a deed to the defendant and demanded the first payment, &c., the defendant refused on the ground that the plaintiff's title was defective. At the date of the will the plaintiff was and still is unmarried, and J. P. Wind had a daughter who is still living.

"If the plaintiff's deed can convey a good title to the premises, then judgment for the plaintiff for $735, with interest from 1st July 1868, otherwise, judgment for defendant."

The court below (Hayes, J.) entered judgment for the plaintiff according to the terms of the case stated.   On the removal of the case by the defendant to the Supreme Court, this judgment was assigned for error.

*R. H. Long* and *Z. Swope*, for plaintiff in error, cited Fearne on Remainders 106, 419, 420, 498 ; Findlay *v.* Riddle, 3 Binney 160 ; Ruston *v.* Ruston, 2 Dallas 244 ; Lynn *v.* Downes, 1 Yeates 518 ; Lewis's Estate, 3 Whart. 162 ; Sheetz's Estate, 2 P. F. Smith 257 ; German *v.* German, 3 Casey 116 ; Stickle's Appeal, 5 Id. 234 ; Irwin *v.* Dunwoody, 17 S. & R. 61 ; Carlyle *v.* Cannon, 3 Rawle 489 ; Johnson *v.* Currin, 10 Barr 498 ; Jessup *v.* Smuck, 4 Harris 327 ; Langley *v.* Heald, 7 W. & S. 96 ; Eby *v.* Eby, 5 Barr 461 ; Rapp *v.* Rapp, 6 Id. 45 ; George *v.* Morgan, 4 Harris 95 ; Cote *v.* Von Bonnhorst, 5 Wright 243 ; Curtis *v.* Longstreth, 8 Id. 297 ; Powell *v.* Board of Missions, 13 Id. 46 ; Chew's Appeal, 1 Id. 23 ; Lantz *v.* Trusler, Id. 482 ; Nicholson *v.* Bettle, 7 P. F. Smith 384.

[Gast *v.* Baer.]

*T. E. Franklin,* for defendant in error, cited Eichelberger *v.* Barnitz, 9 Watts 447; Angle *v.* Brosius, 7 Wright 187; Seely *v.* Seely, 8 Id. 434; Covert *v.* Robinson, 10 Wright 274; 2 Jarman on Wills, chap. 40, page 238, et seq.; Johnson *v.* Currin, 10 Barr 498; Curran *v.* McMeen, 5 P. F. Smith 487; Matlack *v.* Roberts, 4 Id. 148; Act of April 27th 1855, § 1, Pamph. L. 368, Purd. 422, pl. 7.

The opinion of the court was delivered, January 7th 1870, by THOMPSON, C. J.—In Eichelberger *v.* Barnitz, 9 Watts 447, it was decided "that a devise to one in fee, and if he die without issue, then over to another in fee, the estate of the first taker is a fee tail, which, if he have issue, passes to them, *ad infinitum,* by descent as tenants in tail; and that the entailment may be barred by a deed executed and acknowledged for that purpose." The Act of 27th April 1855 would, without more, have turned the estate in the above case, into a fee simple. The authority of that case has never been shaken, and it conclusively rules this case. The devise to Margie Baer is to her and the heirs of her body during her life, and in case she should have issue, then at her death to go to such issue; and "should my granddaughter (the plaintiff) die without leaving any issue, then I give and bequeath the said house, &c., to the daughter of my son J. P. Wind." This is an estate tail beyond doubt. There are here no words of distributive limitation, nor anything to indicate an intention to limit the failure of issue to a definite period. "Issue" is an apt word of limitation: Angle *v.* Brosius, 7 Wright 187. Being an estate tail in the first taker, the plaintiff, it became a fee by operation of the Act of 1855. Further discussion of the case is not needed. The title tendered by the plaintiff was good, and the judgment below was right, and must be affirmed.